**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE ESCOBAR, | ) NO. ED CV 08-1063-E |
|           Plaintiff, | ) |
| | ) |
|   v. | ) ORDER RE: "COUNSEL'S MOTION |
| | ) |
| MICHAEL J. ASTRUE, | ) FOR ATTORNEY FEES PURSUANT TO |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) 42 U.S.C. § 406(b)" |
|         Defendant. | ) |
| _____ | ) |

On September 15, 2011, counsel for Plaintiff filed "Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)" ("the motion"). On September 29, 2011, Defendant filed a response. Counsel for Plaintiff seeks attorney's fees in the amount of $15,122.

**BACKGROUND**

Following a stipulated remand, the Commissioner awarded benefits to Plaintiff totaling $96,400. Plaintiff's counsel represented Plaintiff under a contingent fee agreement providing for fees in the amount of 25 percent of past-due benefits.

**APPLICABLE LAW**

Section 406(b)(1) of Title 42 provides:

Whenever a court renders a judgment favorable to a claimant
. . . who was represented before the court by an attorney,
the court may determine and allow as part of its judgment a
reasonable fee for such representation, not in excess of
25 percent of the total of the past-due benefits to which
the claimant is entitled . . . In case of any such judgment,
no other fee may be payable . . . for such representation
except as provided in this paragraph.   42 U.S.C. §
406(b)(1)(A).

According to the United States Supreme Court, section 406(b)

does not displace contingent-fee agreements as the primary
means by which fees are set for successfully representing
Social Security benefits claimants in court.   Rather,
§ 406(b) calls for court review of such arrangements as an
independent check, to assure that they yield reasonable
results in particular cases.   Congress has provided one
boundary line:  Agreements are unenforceable to the extent
that they provide for fees exceeding 25 percent of the past-
due benefits.   Within this 25 percent boundary . . . the
attorney for the successful claimant must show that the fee
sought is reasonable for the services rendered.   <u>Gisbrecht</u>
<u>v. Barnhart</u>, 535 U.S. 789, 807 (2002) (citations omitted)

1   ("Gisbrecht").

2

3       The hours spent by counsel representing the claimant and

4   counsel's "normal hourly billing charge for noncontingent-fee cases"

5   may aid "the court's assessment of the reasonableness of the fee

6   yielded by the fee agreement."  Id. at 808.  The Court appropriately

7   may reduce counsel's recovery

8

9       based on the character of the representation and the results

10      the representative achieved.  If the attorney is responsible

11      for delay, for example, a reduction is in order so that the

12      attorney will not profit from the accumulation of benefits

13      during the pendency of the case in court.  If the benefits

14      are large in comparison to the amount of time counsel spent

15      on the case, a downward adjustment is similarly in order.

16

17  Id. (citations omitted).

18

19                              DISCUSSION

20

21      The fee sought does not exceed the agreed-upon 25 percent of

22  past-due benefits.  Neither "the character of the representation" nor

23  "the results the representative achieved" suggest the unreasonableness

24  of the fee sought.  Plaintiff's counsel was not responsible for any

25  significant delay in securing Plaintiff's benefits.  Because the

26  present case is legally indistinguishable from Crawford v. Astrue,

27  586 F.3d 1142 (9th Cir. 2009), this Court is unable to find that a

28  comparison of the benefits secured and the time Plaintiff's counsel

                                    3

1  spent on the matter suggest the unreasonableness of the fee sought.

2  Therefore, the Court concludes that "the fee sought is reasonable for

3  the services rendered," within the meaning of Gisbrecht.

4

5                                    **ORDER**

6

7       Section 406(b) fees are allowed in the gross amount of $15,122,

8  to be paid out of the sums withheld by the Commissioner from

9  Plaintiff's benefits.  Counsel shall reimburse Plaintiff in the amount

10 of $3,678, previously paid by the Government under the Equal Access to

11 Justice Act.

12

13      IT IS SO ORDERED.

14

15           DATED: October 18, 2011.

16

17                    _____/S/_____
                              CHARLES F. EICK
18                   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28